# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-35-1-LRR |
| vs. | |
| HARRIETTE COOPER, | **ORDER** |
| Defendant. | |

## I. INTRODUCTION

Before the court is Defendant Harriette Cooper's Motion to Sever ("Motion") (docket no. 43).

## II. PROCEDURAL BACKGROUND

Defendant Harriette Cooper ("Cooper") is charged in eight counts of a twenty-three count Superseding Indictment. (See Superseding Indictment, docket no. 15).[1] Counts 3-8 charge Cooper with money laundering, in violation 18 U.S.C. § 1956(a)(1)(B)(ii).[2] Count 9 charges Cooper with structuring a financial transaction, in violation of 31 U.S.C. § 5324(a)(3) and (c). Count 10 charges Cooper with failing to file a tax form, in violation of 26 U.S.C. § 7203. In Counts 3-9, Cooper is charged with her co-defendant, Charles Hodges, Jr. ("Hodges").

---

[1] Although the Superseding Indictment nominally contains twenty-four counts, it does not contain a Count 22.

[2] The caption of the Superseding Indictment indicates that Cooper is charged with violations of 18 U.S.C. § 1956(a)(1)(B)(l), but Counts 3-8 charge Cooper with violations of 18 U.S.C. § 1956(a)(1)(B)(ii). Furthermore, 18 U.S.C. § 1956(a)(1)(B)(l) does not exist.

Hodges is also charged in Counts 1, 11-21 and 23-24. Count 1 charges Hodges with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Counts 11-21 charge Hodges with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[3] Count 23 charges Hodges with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. Count 24 charges Hodges with being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).

On June 23, 2006, Cooper filed the instant Motion. On July 5, 2006, the government filed a Resistance. Cooper did not file a Reply. Neither party requested a hearing, and the court finds that a hearing is not necessary. The Motion is fully submitted, and the court turns to consider it.

### III. THE MERITS

#### A. The Law of Severing Defendants

Cooper and Hodges are joined in the same Superseding Indictment pursuant to Federal Rule of Criminal Procedure 8(b). Rule 8(b) provides:

> **Joinder of Defendants.** The indictment . . . may charge [two] or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Cooper does not contend that her joinder with Hodges in the Superseding Indictment was improper. Joinder was proper in this case because Counts 3-9 allege that Cooper and Hodges participated in the same series of acts and transactions, which constitute the offenses of money laundering and structuring a financial transaction.

---

[3] The caption of the Superseding Indictment indicates that Hodges is charged with violations of 18 U.S.C. § 1956(a)(1)(B)(l), but Counts 11-13 and 15-21 charge Hodges with violations of 18 U.S.C. § 1956(a)(1)(B)(i). Furthermore, 18 U.S.C. § 1956(a)(1)(B)(l) does not exist.

The government alleges that, in April of 2003,[4] Cooper, a real estate agent, knowingly helped Hodges buy a house with drug money to avoid federal currency transaction reporting requirements.

In the Motion, Cooper asks the court to sever her trial from Hodges' trial pursuant to Federal Rule of Criminal Procedure 14. Rule 14 provides:

> **Relief.** If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may . . . sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

The Eighth Circuit Court of Appeals "read[s] Rules 8 and 14 in favor of joinder." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996). It has consistently indicated that, "[w]here codefendants are charged with the same crimes, including conspiracy, and the crimes of the codefendants will be proved by the same evidence, joint trials are generally favored." *United States v. Beasley*, 102 F.3d 1440, 1448 (8th Cir. 1996) (citing *United States v. Williams*, 95 F.3d 723, 732 (8th Cir. 1996)). A joint trial conserves scarce judicial resources, *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006), and it gives the jury the "best perspective" on all of the evidence, thereby "increas[ing] the likelihood of a correct outcome," *United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995). There is a presumption against severing properly joined cases, and such presumption is a "strong" one. *Delpit*, 94 F.3d at 1143.

Under Rule 14,

> [a] district court should grant severance . . . only if there is a serious risk that a joint trial would compromise a specific trial

---

[4] Although the Superseding Indictment repeatedly states that the offenses were allegedly committed in April of 2003, Count 2 states that the money laundering was allegedly committed in April of 2005.

> right of one of the defendants, or prevent the jury from making
> a reliable judgment about guilt or innocence.

*Id*. at 539. The defendant must show "clear prejudice" by the denial of severance. *United States v. Leuth*, 807 F.2d 719, 730 (8th Cir. 1986); *see also Hively*, 437 F.3d at 765 ("Where two or more defendants have been charged in the same indictment, there is a preference for a joint trial unless the benefits are outweighed by a clear likelihood of prejudice."); *accord United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) ("To grant a motion for severance, the necessary prejudice must be severe or compelling."). The district court has the discretion to determine the risk of prejudice to a defendant and the appropriate remedy. *Zafiro*, 506 U.S. at 541; *see also Hively*, 437 F.3d at 765 ("The issue of severance is entrusted to the 'sound discretion of the trial judge.'" (quoting *United States v. Knife*, 592 F.2d 472, 480 (8th Cir. 1979)).

"Severance is necessary where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Rodgers*, 18 F.3d 1425, 1432 (8th Cir. 1994). In other words, severance is necessary if a "prejudicial spillover effect" is unavoidable. *Hively*, 437 F.3d at 765. The party seeking severance bears the burden to make a "specific showing" that a jury could not compartmentalize the evidence. *Id*. Speculative claims of prejudice are insufficient to overcome the presumption in the law that favors a joint trial. *Id*. Where there is only some risk of prejudice by joinder, courts have consistently held that proper jury instructions can cure the risk of prejudice. *Zafiro*, 506 U.S. at 540; *Rodgers*, 18 F.3d at 1432; *United States v. Kuenstler*, 325 F.3d 1015, 1024 (8th Cir. 2003); *see also United States v. Michelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.").

For a joint trial to proceed, "not every defendant joined must have participated in every offense charged." *Delpit*, 94 F.3d at 1143. Moreover, "[s]everance is never warranted simply because the evidence against one defendant is more damaging than

4

against another . . . ." *Hively*, 437 F.3d at 765. This remains true even if severance might increase the likelihood that a defendant will be acquitted. *Id.*; *United States v. Anthony*, 565 F.2d 533, 538 (8th Cir. 1977).

### *B. Analysis*

Cooper does not contend her trial strategy will conflict with Hodges' theory of the case. Rather, Cooper contends

> joinder of her case with that of [Hodges] will seriously comprise her trial rights, prevent the jury from making a reliable judgment about her guilt or innocence, confuse the jury, and prejudice . . . her ability to receive a fair trial.

Cooper maintains that limiting instructions will prove ineffective and inadequate, because the jury will be unable to compartmentalize the evidence against her. Cooper also contends, without explanation, that her "Fifth and Sixth Amendment rights to confront her accusers, to a fair and impartial jury and to due process of law will all be seriously jeopardized by a joint trial."

In support of her Motion, Cooper points out that the government intends to prove that Hodges engaged in wide-ranging drug and money laundering conspiracies involving the purchase and sale of marijuana, cocaine and crack-cocaine in Iowa, Illinois and Tennessee, over a seven-year period. The government may have as many as forty-five witnesses testify about Hodges' alleged drug trafficking activities, drug use and possession of a firearm, including numerous co-conspirator declarations "having nothing to do with Cooper and which would not be admissible against her in a separate trial." Cooper's sole involvement in the case surrounds her employment as a real estate agent, that is, her assisting Hodges with the purchase of a house in April of 2003. Cooper contends severance is required because "[t]he government's predictable cast of cooperating individuals will have no evidence whatsoever about . . . [her] nor will any attribute any co-conspirator statements to any of [her] alleged activities." Relying heavily on *United*

5

*States v. Baker*, 98 F.3d 330 (8th Cir. 1996), Cooper contends that severance is required because, if this case is permitted to proceed to a trial against both Defendants, the jury will inevitably hear evidence that is admissible only against Hodges, including Hodges' own admissions and co-conspirator statements. Cooper also claims *Baker* mandates severance because, unlike Hodges, she is not charged with a conspiracy.

The court finds that any risk of prejudice to Cooper posed by a joint trial is far outweighed by the need to conserve scarce judicial resources and to give the jury the best perspective on all of the evidence, thereby increasing the likelihood of a correct outcome. *Darden*, 70 F.3d at 1528; *Hively*, 437 F.3d at 765. Cooper's claims of prejudice are speculative and, in any event, she has failed to show that the jury will be unable to compartmentalize the evidence. *Hively*, 437 F.3d at 765. If Cooper's only involvement in this case concerns a single real estate transaction, it stands to reason that the jury will be able to compartmentalize the evidence regarding that transaction to her case. *See id.* Any risk of prejudice is best cured by careful, thorough and timely jury instructions. *Zafiro*, 506 U.S. at 540; *Michelson*, 378 F.3d at 818; *Kuenstler*, 325 F.3d at 1024. There is not an inevitable "prejudicial spillover effect" here. *Hively*, 437 F.3d at 765.

In essence, Cooper's argument boils down to a concern that she will be prejudiced because Hodges is charged with more counts and she will be found guilty by association. This is an insufficient reason for severance. *See, e.g., United States v. Frank*, 354 F.3d 910, 920-21 (8th Cir. 2004) (holding claim of prejudice in a "'long and drawn out multiple count' trial" was "speculative" where defendant contended that, "'in the jury's eyes, if [his codefendant] was guilty of all these offenses and had association with [the defendant], then [the defendant] must also be guilty on things that were alleged that they did in concert'"); *see also Hively*, 437 F.3d at 765 ("Severance is never warranted simply because the evidence against one defendant is more damaging than against another . . . ."). The jury must be presumed to follow instructions, including the instruction the court will give at

trial that each defendant's guilt or innocence must be evaluated separately. *See, e.g., United States v. Betterton*, 417 F.3d 826, 832 (8th Cir. 2005) ("A jury is presumed to follow its instructions . . . .").

Cooper's reliance on *Baker* is misplaced. *Baker* presented "rare" circumstances requiring severance. *Baker*, 98 F.3d at 335. In *Baker*, the defendants were charged with aiding and abetting each other in knowingly possessing ricin for use as a weapon, in violation of 18 U.S.C. § 175. *Id.* at 333. The ricin was so potent that 0.7 grams could kill 126 people. *Id.* The Eighth Circuit Court of Appeals held that severance was required because a joint trial resulted in the jury hearing highly probative and inflammatory evidence that was otherwise inadmissible against the defendant moving for severance. *Id.* at 335. This prejudicial evidence was only admissible against his codefendant and would not have been admitted if the defendant were tried alone. *Id.* In light of the "extremely serious and admittedly sensational nature of the offense charged," severance was required to ensure a fair trial. *Id.*

In contrast to *Baker*, in this case Cooper admits that the otherwise inadmissible evidence has "nothing to do with [her]" and the government's cooperating witnesses "will have no evidence whatsoever about . . . [her] nor will any attribute any co-conspirator statements to any of [her] alleged activities." In this respect, the facts of *Frank* more closely resemble those of the case at bar. In *Frank*, the Eighth Circuit Court of Appeals similarly distinguished *Baker*, writing:

> In *Baker*, where evidence not admissible against the defendant seeking severance, yet implicating him in the crime for which he was convicted, came in through the case against the co-defendant, we concluded that it was "the rare case in which severance should have been granted." *Id.* at 335. Here, in contrast, [the defendant] concedes in his brief that the evidence at issue that was presented against [the codefendant] "had absolutely nothing to do with [the defendant]." The risk of

7

> prejudice here is thus much more speculative than it was in *Baker*.

*Frank*, 354 F.3d at 921.

Likewise, the facts of the alleged Cooper-Hodges money laundering are not "sensational," that is, they are unlike the biological weapons of mass destruction at issue in *Baker*. The charges are serious, but not sensational.

In any event, some of the evidence that Cooper claims would otherwise be inadmissible is, in fact, admissible against her. To prove the money laundering charges, the government will have to prove that the money constituted proceeds of Hodges' drug trafficking. *See, e.g.*, Eighth Circuit Model Criminal Jury Instruction 6.18.1956A (2005). Further, the court does not understand *Baker* to announce a new *per se* rule that requires a defendant who is not charged with conspiracy to be tried separately from a defendant who is charged with a conspiracy. *Baker* does not announce such a rule; indeed, both defendants in *Baker* were charged with aiding and abetting one another in knowingly possessing a toxin, ricin, for use as a weapon. *Baker*, 98 F.3d at 334. Moreover, the Eighth Circuit Court of Appeals has stated, after *Baker*, that, "whether or not the codefendants also are charged as co-conspirators, 'the presumption against severing properly joined cases is strong.'" *United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir. 1997) (quoting *Delpit*, 94 F.3d at 1143).

Accordingly, the court shall deny the Motion.

### *IV. CONCLUSION*

Defendant Harriette Cooper's Motion to Sever (docket no. 43) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 26th day of July, 2006.

                          LINDA R. READE
                          JUDGE, U. S. DISTRICT COURT
                          NORTHERN DISTRICT OF IOWA